177

Gertie Ross

vs.                      No.42357

Simon L. Aronds, alias

June 6, 1918

BARROWS, J. Heard on demurrer to third amended declaration.

Aronds recovered judgment against Ross in a suit where the sole issue

was the veracity of Aronds or Ross on the question of each consideration for two promissory notes. Our former rescript held that as long as such judgment was outstanding and unreversed, Aronds was not liable in action for malicious prosecution based solely on the averment of Aronds' perjury at the former trial; that such perjury was not the procurement of judgment by unfair means which warranted suit while said judgment was outstanding and unreversed. We pointed out that, when considering whether the presumption of probable cause arising from the outstanding judgment had been overcome, the authorities recognized a distinction between the procurement of the judgment by unfair means extrinsic to the trial and perjury at the trial.

Ross has now amended her declaration by inserting an averment that she asked Aronds the name of the person who advanced her the $200 hrough Aronds and that he declined to furnish the same. She avers that she made diligent efforts to learn who advanced said $200 and that after Aronds had denied in the District Court the existence of the $300 notes payable to ———, upon which she claims to have received said $200, she made diligent search to learn who held said $300 note; that Aronds prior to the trial in the District Court had stated that said note had been lost; that her efforts to learn who held said note were not successful until after the Superior Court trial at which Aronds recovered judgment. She does not aver facts which seem to us to impose a duty upon Aronds to investigate or report to her his knowledge concerning said $300 note. We fail to see any duty upon Aronds to inform Ross who advanced the $200 or who held the $300 note. His falsehood about the loss of the note may have lulled Ross into inactivity prior to the District Court

178

trial, but his denial at said trial of the existence of such a note gave Ross full knowledge of what she must meet at the trial in the Superior Court. The mere averment that she was unable to ascertain who held the $300 note until after said trial does not fasten upon Aronds the use of any unfair means which prevented her from making a defence so as to bring the case within the rule for suits for malicious prosecution where an outstanding judgment exists against the plaintiff in the second suit. The facts as stated in the present declaration still leave the case resting solely upon the allegation of perjury as the unfair means used to procure the judgment.

Plaintiff, however, has now raised a new question. She insists that apart from common law she has the right to bring an action of case based solely upon Aronds' perjury at the former trial, by virtue of General Laws, 1909, Chap. 283, Sec. 16, as follows: "Whenever any person shall suffer any injury to his person, reputation or estate by reason of the commission of any crime or offence, he may recover his damages for such injury either in action of trespass or in an action of the case, against the offender; and it shall not be any defence to such action that no criminal complaint for such crime or offence has been made. . . . . .

At the former hearing plaintiff's right to maintain her case was asserted to rest upon common law and our attention was not directed to this statute. Plaintiff now alleges that Sec. 16 creates a new right of action which did not exist at common law. Defendant contends that Sec. 16 merely removes the bar and allows a person to proceed as he might have done at common law after criminal complaint had been made.

We have traced the section of the statute back to its origin and examined the cases decided in connection therewith. We find the statute

first appearing in an act concerning crimes and punishments, passed in 1838. This act is found in Public Laws, 1838-1842, at page 982. Its opening paragraph is substantially identical with the words of the present statute ending with "offender." In the original act these words are followed by the proviso that no such action shall be commenced until after complaint has been made to some proper magistrate concerning the crime except in cases where action could then be maintained at common law. This language is indicative of the fact that a new right was being created. The statute continued in force either in single section or in two sections in Public Laws of R. I. 1844, Sec. 125; in Revised Statutes of Rhode Island, 1857, Chapter 176, Secs. 22 and 23; in General Statutes of Rhode Island, 1872, Chap. 193, Secs. 22 and 23; in Public Statutes of Rhode Island, 1883, Chap. 204, Secs. 21 and 22; in General Laws of Rhode Island, 1896, Chap. 233, Sec. 16.

### 179

In the revision of 1909, however, the requirement for a previous criminal complaint was eliminated and the statute was made to read that failure to make criminal complaint should constitute no defence to a civil action.

That the statute created a new right was recognized in Baker vs. Slater Mill & Power Co., 14 R. I. 531 and in Struthers vs. Peckham, 22 R. I. 8.

With this history of the travel of the statute and its interpretation as creating a new right, we cannot escape from the conclusion that one who suffers by the commission of any crime is included within the terms of the statute. The allegation in the present declaration is that plaintiff has suffered damages solely by reason of defendant's commission of the crime of perjury. Her case seems to fall clearly within the statute. That her damages are consequential and not direct does not seem to take the case out of this statute. Compare Arnold vs. Gaylord, 16 R. I. 573.

We reach our present result reluctantly because we know of no precedent for such a suit. A proceeding like that here brought offers the opportunity for collateral re-trials of facts once settled by judicial decision. It furnishes possibilities for conflicting verdicts on the same issue of fact and an unending circle of litigation. All the objections which weighed with us when we prepared the former rescript seem to us valid as a matter of principle. While we feel that the present decision is unforunate, yet we cannot see our way clear to sustain the demurrer in the teeth of the statute. We should have preferred that the question should be passed upon by the Supreme Court before sending the parties to a trial, but we cannot see our way clear to reach such a result.

The demurrer is overruled on all grounds.

For Plaintiff: William J. Brown.

For Defendant: Cooney & Cahill.